UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:17-PO-00016-JTR-1 |
|---|---|
| Plaintiff, | ORDER ON MOTIONS |
| v. | **MOTION GRANTED IN PART (ECF No. 49)** |
| JEFFREY W. CALL, | |
| Defendant. | **MOTION GRANTED (ECF No. 42)** |

This matter comes before the Court on Defendant's motion to Strike the Government's Rule 16 Expert Notice and Compel Disclosure of Actual Expert Opinions. ECF No. 49. In a separable aspect of this motion, Defendant specifically requests that this Court strike proposed expert Nguyen's testimony relating to the retrograde extrapolation and the general effects of alcohol.

Also pending is the United States' motion to reconsider the Court's previous ruling excluding evidence of the horizontal gaze nystagmus test. ECF No. 42.

## I. RULE 16

Regarding expert opinion testimony of the government's witnesses, this Court has considered Defendant's motion, ECF No. 49, the United States' response, ECF No. 50, and the argument of counsel.

Defendant argues that the United States' notice of experts is procedurally and substantively insufficient under Fed. R. Crim. P. 16, and requests that this

Court strike the expert testimony noticed therein. The United States responds that its notice, in context with the discovery provided, is sufficient under Rule 16 and that if the Court does find the notice infirm, that the United States should be given an opportunity to cure the defect.

Rule 16(a)(1)(G) requires the government, on Defendant's request, to provide a written summary of any testimony the government intends to use under Evidence Rules 702, 703 or 705. The government has identified four such witnesses, and provided a written statement with respect to each. [1]

The information provided by the government implies the area of each witness's expertise, and specifies the issues to which the witness will apply that expertise, but it does not indicate *what opinion or conclusions* will be offered

---

[1] **National Park Services Officer Jonathan Radovich** "… is expected to testify as to his expert opinions regarding: his observations of the Defendant on August 6, 2016, and the inferences he drew from those observations; the administration of field sobriety tests in this case and his interpretation of the results of those tests; the clues he looks for when conducting field sobriety tests; how alcohol consumption may effect a person's ability to perform field sobriety tests; the interpretation of the results of field sobriety tests; and the administration of a portable breath test and his interpretation of its result." ECF No. 29 at 4.
**Grand Coulee Police Officer Daniel Holland** "…is expected to testify as to his expert opinions on: the administration of the breath alcohol content test on the Defendant using DataMaster CDM 140028, this includes, but is not limited to, the steps he took when administering the breath alcohol content test and whether those steps complied with the requirements set forth in RCW 46.61.506(4)(a)." ECF No. 29 at 5.
**Washington State Patrol Trooper Tom Moberg** "…is expected to testify as to his expert opinions on: the reliability and accuracy of DataMaster CDM results; the reliability and accuracy of the test results for DataMaster CDM 140028 on August 6, 2016; the calibration and quality assurance procedures for maintaining DataMaster CDM machines; error rates of DataMaster CDM machines; interferences that may affect a DataMaster CDM result; effects of body temperature on a DataMaster CDM result; and the accuracy of records pertaining to DataMaster CDM 140028." ECF No. 29 at 6.
**Washington State Forensic Scientist David Nguyen** "…is is expected to testify as to his expert opinions on: the reliability of external standard simulator solutions, the general effects of alcohol on the human body, which may include but is not limited to, tolerance, divided attention, HGN as an field sobriety test, metabolism, half-life or burn-off rate, Widmark's calculation and retrograde extrapolation; and his preparation and certification of the external standard simulator solution 16006 (the specific simulator solution used in this case) ECF No. 29 at 7.

ORDER - 2

regarding this defendant, in this case. In this Court's judgment, the disclosures do not comply with Rule 16.

### A. RETROGRADE EXTRAPOLATION AND GENERAL EFFECTS OF ALCOHOL TESTIMONY

At the time of the hearing, Defendant specifically requested that this Court strike proposed expert Nguyen's testimony relating to the retrograde extrapolation and the general effects of alcohol. The United States' responds that it does not intend to offer evidence of the retrograde extrapolation in its case-in-chief, but that it still plans to introduce evidence of the general effects of alcohol through its proposed expert Nguyen, as previously referenced.

### B. REMEDY

As Defendant is out of custody, and the United States has not established prejudice, this Court finds it is an appropriate remedy to require the United States to disclose to the defendant in writing within fourteen days of August 14, 2017 the relevant opinions of its four identified expert witnesses. This will necessitate a rescheduling of the trial as set forth below.

### II. MOTION TO RECONSIDER

For the reasons adduced in the government's motion for reconsideration ECF No. 42, the court will permit, with proper foundation, evidence of the Horizontal Gaze Nastagmus "field sobriety test." This trial is to the Court, and at the close of the evidence the evidence will be assigned such weight as the Court deems appropriate.

### ORDER

Accordingly, the current trial date of August 24, 2017, is **STRICKEN**. A new trial date is set for **September 20, 2017 at 9:00 a.m.**

Defendant's motion, **ECF No. 49**, is **GRANTED in part.** Defendant's oral motion to strike witness Nguyen's testimony regarding the retrograde extrapolation is DENIED as moot.

Finally, noting that this is a bench trial, the Court finds that evidence of the Horizontal Gaze Nystagmus test can be admitted in this bench trial. Defendant's objections go to weight, not admissibility. Therefore, the United States' motion to reconsider, **ECF No. 42**, is **GRANTED**.

**IT IS SO ORDERED.**

DATED August 16, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE