1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEFFREY W. CALL,

Defendant.

No. 2:17-PO-0016-JTR-1

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

17     Defendant was charged in the First Amended Information with violating 36
18  C.F.R. § 3.10(a)(1) and (2) on August 6, 2016.  On September 20 and 21, 2017, the
19  case was tried to the Court.  Defendant was present in person.  The United States
20  was represented by Kyle Olson, Intern at the United States Attorney's Office, and
21  Assistant United States Attorney David Herzog.  Defendant was represented by
22  attorneys Stephen Roberts and Benjamin Flick of the Federal Defender's Office.
23     The United States presented the sworn testimony of five witnesses.
24  Defendant presented the testimony of Ana Russel and testified in his own behalf.
25  All witnesses were cross-examined.
26     The Court also admitted into evidence certain documents and photographs,
27  and one audio/visual DVD.
28  ///

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

Both parties having rested, and having considered all of the foregoing evidence, the Court now issues the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1.      All conduct with which Defendant is charged occurred on Lake Roosevelt on the Columbia River, substantially at or near the Crescent Bay boat launch, which is within the Lake Roosevelt National Recreation Area and within the Eastern District of Washington.

2.      Officer Radovich is a law enforcement officer employed by the National Park Service and was in uniform and on duty on at the Crescent Bay boat launch on August 6, 2016.

3.      On August 6, 2016, Defendant owned and operated a boat upon the waters of Lake Roosevelt. The boat was a brown 21 foot runabout-style craft, powered by an inboard-outboard engine, with an open cockpit and no cabin or top.

4.      Defendant was driving the boat when it approached and docked at the Crescent Bay boat launch. After the boat was secured to the dock, Defendant remained in the boat until he was contacted and detained by Officer Radovich.

5.      Between the time the boat was secured to the dock and the time Defendant was contacted by Officer Radovich, the boat's ignition was switched off. A "kill switch" was also moved to the open position, thus de-energizing the boat's electrical system. The ignition switch was at the driver's seat in the front of the cockpit and required a key to operate. After the ignition was switched off, the key remained in the ignition. The key alone would not start the engine, because the "kill switch" was also off. The "kill switch" was located in the rear of the cockpit, in the corner furthest from the driver' seat, and could only be accessed by removing a panel underneath a rear seat cushion.

6.      Throughout the day Defendant consumed a quantity of alcohol by drinking "Coors Light" beer from silver-colored cans.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

7.    Officer Radovitch administered certain field sobriety tests, including a Horizontal Gaze Nystagmus test and a "walk and turn" test, and, from the number of "clues" exhibited, he found probable cause to believe Defendant was under the influence of alcohol.  Defendant asserted that the lingering effects of injuries to each leg prevented him from performing some tests well and from performing other tests at all.

8.    Defendant provided a breath sample by blowing in a Datamaster CVN instrument at the Grand Coulee Police Department.

9.    The Datamaster CVN operated on generally accepted scientific principles measuring the quantity of alcohol in exhaled breath and correlating it to the quantity of alcohol in the bloodstream.

10.    The Datamaster CVN at the Grand Coulee Police Department was calibrated, maintained and operated in compliance with procedures promulgated by the Washington State Toxicologist, by individuals trained and certified in its operation.

11.    Within approximately 50 minutes of Defendant being placed in custody, the Datamaster CVB at the Grand Coulee Police Department measured the alcohol content of Defendant's breath as .173 and .171 grams of alcohol per 210 liters of breath at 7:19 p.m. and 7:22 p.m., respectively.

**CONCLUSIONS OF LAW**

1.    The Lake Roosevelt National Recreation Area is within Federally owned lands and waters administered by the National Park Service.

2.    Defendant operated a "vessel" within the meaning of 36 C.F.R. § 1.4(a).

3.    The evidence does not establish beyond a reasonable doubt that Defendant operated or was in physical control of a vessel while under the influence of alcohol to a degree that rendered him incapable of safe operation.

///

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

1       4.     At the time Defendant operated or was in physical control of the

2 vessel, the concentration of alcohol in his breath was over .08 grams of alcohol per

3 210 liters of breath.

4       Based on the foregoing, the Court finds Defendant Jeffrey W. Call is

5 **GUILTY** of violating 36 C.F.R. § 3.10(a)(2) on August 6, 2016.

6       The District Court Executive shall enter this Findings of Fact and

7 Conclusions of Law and provide copies to counsel.

8       DATED September 29, 2017.

9

10  _____

11                        JOHN T. RODGERS
             UNITED STATES MAGISTRATE JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4